**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEY BRAND ENTERTAINMENT, INC., a Delaware corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DANCAP PRODUCTIONS, INC., an Ontario corporation, <br><br> Defendant - Appellant. | No. 08-56871 <br><br> D.C. No. 2:08-cv-02416-AHM-E <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before: RYMER, WARDLAW and N.R. SMITH, Circuit Judges.

Dancap Productions, Inc. ("Dancap") appeals the district court's order

granting Key Brand Entertainment, Inc.'s ("Key Brand") petition to compel

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

arbitration.  The district court exercised jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 9 U.S.C. § 16 and 28 U.S.C. § 1291.  We affirm.

The district court did not err in concluding that the arbitration provision in the Additional Rights Agreement encompasses Key Brand's request for an interpretation of the parties' agreements.  *See Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (standard of review).  The parties' dispute as to the proper interpretation of the agreements falls squarely within the arbitration provision, which covers of "[a]ny dispute . . . arising out of or relating to" the agreement, "including, but not limited to, the interpretation . . . thereof."  Because the arbitration provision expressly covers disputes as to the interpretation of the agreement, the provision's exclusion of "claims for injunctive or equitable relief" does not apply.  Therefore, the district court acted properly in ordering arbitration pursuant to the Federal Arbitration Act.  *See* 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130–31 (9th Cir. 2000).

**AFFIRMED.**